UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JAMES EARL DAVIS, | ) | CASE NO. 4:09 CV 2321 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| WARDEN SHARTLE, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

Pro se plaintiff James Earl Davis filed this action under 42 U.S.C. § 1983 against Elkton Federal Correctional Institution ("FCI Elkton") Warden Shartle, FCI Elkton Assistant Warden Lorenzini, FCI Elkton Case Manager Mr. Sweeney, FCI Elkton Unit Manager Ms. Burns, FCI Elkton Counselor Ms. Hulett, FCI Elkton Medical Administrator Ms. Bunts, Ashland Kentucky Federal Correctional Institution ("FCI Ashland") Case Manager Mark Wallace, FCI Ashland Unit Manager Terry Raudebaug, Bureau of Prisons ("BOP") Director Harley Lappin, and United States Attorney General Eric Holder. In the Complaint, plaintiff alleges he was sent to the segregation unit in retaliation for filing grievances. He also claims he was denied medication. He seeks specific medication, release from segregation, expungement of his prison record, removal of a management variable, and monetary damages.

## Background

Mr. Davis contends he was sent to the segregation unit in retaliation for filing grievances. He indicates his case manager, Mr. Sweeney, and his unit manager, Ms. Burns, were trying to transfer him to the FCI Elkton low security camp. Mr. Davis wanted to be transferred to a federal correctional facility closer to his home state of Georgia. He states he went to Assistant Warden Lorenzini to seek his intervention and to secure the transfer to Georgia. The Assistant Warden agreed to discuss the matter with Mr. Sweeney and Ms. Burns. He indicates he was told by Mr. Sweeney thirty minutes later that he could not be transferred to either the FCI Elkton low security camp or the a camp in Georgia due to a management variable in his file. He contends FCI Ashland officials placed the management variable in his file to prevent his transfer closer to his home state. It is not clear if a second variable was placed in his file at FCI Elkton.

Mr. Davis filed grievances at FCI Elkton. He indicates he filed a BP 8.5 informal complaint form contesting his denial of a transfer. It was denied. He filed another BP 8.5 concerning the addition of the management variable. That was also denied. He filed a third grievance alleging retaliation by Mr. Sweeney. He attempted to file a BP 8.5 informal complaint against Ms. Burns, but was told he could not file this grievance until the previous grievances had been ruled on. He contends the issues were sufficiently different and he should have been permitted to pursue all of his grievances at the same time.

Mr. Davis took his complaints to the Warden at FCI Elkton on September 18, 2009. He alleges he was told to wait for a few minutes until Mr. Strero arrived. Mr. Davis then was instructed to accompany Mr. Strero and he "would take care of it." (Compl. at 2.) As they walked, Mr. Strero confirmed Mr. Davis's suspicion that their final destination was the segregation unit.

Mr. Davis inquired about the charges and was told he would be informed of them at a later time. Although Mr. Davis received a conduct report for having non-labeled personal items in his cell, he claims he was placed in the segregation unit in retaliation for filing grievances.

Finally, Mr. Davis indicates he is being denied medication for seizures. He indicates he was prescribed Topamax by a neurologist. He claims the prison staff will not provide this medication. Mr. Davis attaches medical notes from the Physician's Assistant which state that Mr. Davis experienced a seizure a few days before the notes were transcribed on October 23, 2009. Blood work indicated a low level of Tegretol, which the Physician's Assistant attributed to "obvious poor compliance with medication." He further noted Mr. Davis had an aversion to the generic form of Topamax and claimed to experience side effects to the medication. The Physician's Assistant stated "no real side affect [sic] of this drug has been noted while inmate was taking the generic med." A neurologist suggested a change in the dosage of the medication. The notes also indicate "patient very aggressive and doesn't listen and doesn't want to comply with medical orders. ... Failure to comply with meds could lead to being put into SHU to monitor compliance." He claims the defendants were deliberately indifferent to his serious medical needs.

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1]  Neitzke v.

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is

Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). Although Mr. Davis's retaliation claim against Warden Shartle and his Eighth Amendment claim against Ms. Bunts may have arguable merit, his claims against FCI Elkton Assistant Warden Lorenzini, FCI Elkton Counselor Ms. Hulett, FCI Elkton Case Manager Mr. Sweeney, Unit Manager Ms. Burns, FCI Ashland Case Manager Mark Wallace, FCI Ashland Unit Manager Terry Raudebaug, BOP Director Harley Lappin, and United States Attorney General Eric Holder dismissed pursuant to §1915(e).

As an initial matter, there are no claims asserted against FCI Elkton Assistant Warden Lorenzini, FCI Elkton Counselor Ms. Hulett, FCI Ashland Case Manager Mark Wallace, FCI Ashland Unit Manager Terry Raudebaug, BOP Director Harley Lappin, and United States Attorney General Eric Holder. Plaintiff cannot establish the liability of any defendant absent a clear showing that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. Rizzo v. Goode, 423 U.S. 362, 371 (1976); Mullins v. Hainesworth, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). The complaint simply contains no facts which reasonably associate these defendants to any of the claims set forth by plaintiff.

The nature of Mr. Davis's claims against Mr. Sweeney and Ms. Burns is not well defined. He contends they did not consider his request to be transferred closer to his home in

---

invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

Georgia due to a management variable which raised his security classification level. A prisoner, however, has no constitutional right to be incarcerated in a particular prison or to be held under a specific security classification. Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Cash v. Reno, No. 97-5220, 1997 WL 809982 (6th Cir. Dec. 23, 1997). This allegation does not provide a basis for a constitutional violation. He also contends that they did not respond to his grievances or cooperate with the grievance process. Responding to a grievance or otherwise participating in the grievance procedure is insufficient to trigger liability under 42 U.S.C. § 1983. Shehee v. Luttrell, 199 F.3d. 295, 300 (6th Cir. 1999). The court can find no other allegations against them in the complaint.

## Conclusion

Accordingly, plaintiff's claims against FCI Elkton Assistant Warden Lorenzini, FCI Elkton Counselor Ms. Hulett, FCI Elkton Case Manager Mr. Sweeney, Unit Manager Ms. Burns, FCI Ashland Case Manager Mark Wallace, FCI Ashland Unit Manager Terry Raudebaug, BOP Director Harley Lappin, and United States Attorney General Eric Holder are dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2] This action shall proceed solely on Mr. Davis's retaliation claim against FCI Elkton Warden Shartle and his Eighth Amendment claim against FCI Elkton Medical Administrator Ms. Bunts. The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process and shall include a copy of this order in the documents to be served upon the defendants.

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

    IT IS SO ORDERED.

                                              S/Christopher A. Boyko
                                              CHRISTOPHER A. BOYKO
                                              UNITED STATES DISTRICT JUDGE

January 27, 2010