IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JAMES EARL DAVIS, | ) CASE NO. 4:09 CV 2321 |
| Petitioner, | ) JUDGE CHRISTOPHER A. BOYKO |
| v. | ) MAGISTRATE JUDGE |
| | ) WILLIAM H. BAUGHMAN, JR. |
| WARDEN J. T. SHARTLE, *et al.*, | ) |
| Respondents. | ) **REPORT & RECOMMENDATION** |

## Introduction

Before me by referral[1] is a motion by defendants Warden J.T. Shartle and Medical Administrator Bunts (Warden) to dismiss the second amended complaint[2] of plaintiff James Earl Davis (Davis) under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failing to state a claim upon which relief may be granted, inasmuch as Warden asserts that Davis has failed to exhaust his administrative remedies before commencing this action as required by the Prison Litigation Reform Act (PLRA).[3]  Davis, now *pro se*, opposes the motion.[4]  For the reasons that follow, I will recommend addressing the Warden's motion as one for summary

---

[1] ECF # 21.

[2] ECF # 28.  Although the Court had not previously granted Davis permission to file the second amended complaint, I note that the Warden's present motion to dismiss presupposes its filing.  Accordingly, as a necessary preliminary step to consideration of the motion to dismiss, and in view of the Warden's action, the amended complaint (ECF # 28) is ordered filed.

[3] 42 U.S.C. § 1997e(a).

[4] ECF # 54, 57.

judgment and then recommend granting the Warden summary judgment. If this recommendation is accepted, I further recommend that all other outstanding motions be denied as moot.[5]

**Facts**

**A.    Underlying facts**

The Court has already extensively detailed the background facts to this action.[6] For purposes of the instant motion I note that Davis is a federal inmate currently incarcerated at the Federal Correctional Institution in Elkton, Ohio.[7] The defendants are the warden at that institution and the medical administrator.[8]

In the complaint Davis essentially raises two claims. First, he contends that the defendants violated his First and Eighth Amendment rights by placing him in the prison's Special Housing Unit (SHU) in retaliation for Davis requesting a transfer to another facility.[9] Next, he maintains that the defendants were deliberately indifferent to Davis's medical needs,

---

[5] ECF ## 46 (motion to compel Warden not deny plaintiff medication), 48 (motion to waive copy fees for plaintiff), 49 (motion to add staff as defendants), 50 (motion to compel defendants to provide administrative remedies), 51 (motion to compel the medical staff to provide Davis with his prescription), and 54 (motion to vacate prior response to motion to dismiss and substitute new filing).

[6] *See*, ECF # 15.

[7] ECF # 9, Attachment (Declaration of Marisa Davidson, Ass't Reg. Counsel, Fed. Bureau of Prisons) at ¶ 3.

[8] ECF # 28 (second amended complaint) at ¶ 1.

[9] *Id*. at ¶¶ 5, 10-15.

thereby violating his Eighth Amendment rights, when they allegedly denied him anti-seizure medication while he was in the SHU.[10]

**B.     Motion to dismiss**

The Warden argues in the motion to dismiss that the complaint should be dismissed for failure to state a claim upon which relief may be granted because Davis has not exhausted his administrative remedies applicable to the issues raised in the complaint prior to bringing this lawsuit, as required by the PLRA.[11]  Specifically, the Warden relies on that section of the PLRA which states:

> No action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.[12]

The Warden further notes that the Supreme Court has held that this exhaustion requirement mandates the completion of any prison administrative process capable of addressing the prisoner's complaint[13] and applies to all inmate suits involving any aspect of prison life.[14]

Here, the Warden contends that the record demonstrates that Davis has not filed any requests for an administrative remedy as to the specific allegations in the complaint.[15]

---

[10] *Id*. at ¶¶ 7-8, 16-18.

[11] ECF # 37 at 4-5.

[12] 42 U.S.C. § 1997e(a).

[13] *Booth v. Churner*, 532 U.S. 731, 741 (2001).

[14] *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

[15] ECF # 37 at 4.

Moreover, the Warden further argues that even if a reference to denial of seizure medication in another grievance filing is considered a request for administrative remedy as to that issue, Davis would still not have complied with the exhaustion requirement since he would have needed to appeal the denial of that grievance, which was not done.[16]

Davis, in response, initially states that he sought to pursue administrative remedies by orally asking staff, without response, for direction as to the correct procedure or for the correct form.[17] In addition, Davis points to "3 to 4" written complaints he made for allegedly being given an incorrect dosage of the anti-seizure medication – complaints that Davis asserts went unanswered.[18]

In reply to Davis, the Warden maintains that even if the assertions by Davis are true that he attempted to identify and exhaust remedies, they do not constitute required exhaustion of administrative remedies prior to initiating suit.

Specifically, the Warden notes that the written complaints attached to Davis's first response[19] are all dated in May, 2010, while the original complaint was filed in October of 2009.[20] Therefore, the Warden initially maintains, "even if the exhibits ... were evidence of

---

[16] *Id*. at 4-5.

[17] ECF # 54 at 2.

[18] *Id.* at 2-3.

[19] ECF # 52. This response was superseded by ECF # 24, which contains reference to the same correspondence.

[20] ECF # 53 at 3.

[Davis's] attempts to exhaust, they would be post-hoc exhaustion that cannot cure his failure to exhaust before filing suit."[21]

Further, the Warden contends that the three communications relied on by Davis are not evidence of exhausting administrative remedies as to the subject matter of the present lawsuit because the three writings involve a different issue.[22] In that regard, the Warden observes that the current suit, as noted above, alleges two claims: (1) that Davis was put in the SHU in retaliation for asking for a transfer, and (2) that the Warden was deliberately indifferent to Davis's medical needs when he was denied his anti-seizure medication while in the SHU. The three communications all involve the claim that Davis was being given an improper dosage of the anti-seizure medication; something the Warden alleges is an entirely different issue.[23]

Finally, the Warden asserts that even if (1) Davis had sent these communications prior to filing suit, and (2) the communications related to the claims asserted in the complaint, they still would not constitute exhaustion of remedies because they are not the proper vehicles for undertaking administrative review.[24] In that respect, the Warden notes that the record indicates that Davis filed "at least 59 different administrative remedy requests during his

---

[21] *Id.*, citing *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998) (inmates must exhaust administrative remedies prior to filing suit); *Arbuckle v. Bouchard*, 92 F. App'x 289, 291 (6th Cir. 2004) (inmate cannot cure a failure to exhaust remedies prior to filing by filing an amended complaint subsequent to alleged administrative exhaustion).

[22] ECF # 53 at 4-5.

[23] *Id.*

[24] *Id.* at 5.

-5-

incarceration at [Federal Bureau of Prison] facilities."[25] According to the Warden, that record establishes that Davis "is well aware of the procedures for exhausting remedies" but that he did not do so in this case.[26]

## Analysis

**A.   Standard of review – converting to motion for summary judgment**

Rule 12(d) of the Federal Rules of Civil Procedure states that if "on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given reasonable opportunity to present all material that is pertinent to the motion."

Although this rule permits the trial court on its own to convert a motion to dismiss to one for summary judgment, the Sixth Circuit "discourages the granting of summary judgment *sua sponte*, particularly when the court does not give prior notice to the adversely affected party."[27] As observed in *Salehpour v. University of Tennessee*, the question of whether prior notice must be provided in converting a motion to dismiss to one for summary judgment "depends on the facts and circumstances of each case."[28] In general, that means that

---

[25] *Id.*, citing Davidson declaration at ¶ 5.

[26] *Id.*

[27] *Hayes v. Equitable Energy Resources Co.*, 266 F.3d 560, 571 (6th Cir. 2001) (citation omitted).

[28] *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 204 (6th Cir. 1998).

*sua sponte* entry of summary judgment is proper "'so long as the losing party was on notice that [it] had to come forward with all [its] evidence.'"[29] Stated differently, "[w]here one party is likely to be surprised by the proceedings [converting the motion to dismiss to one for summary judgment], notice is required."[30]

The decision to convert a motion to dismiss to one for summary judgment is reviewed for abuse of discretion.[31]

### B. Standard of review – summary judgment

Summary judgment is appropriate where the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[32] The burden of showing the absence of any such "genuine issue" rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact.[33]

---

[29] *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986)).

[30] *Salehpour*, 159 F.3d at 204 (citation omitted).

[31] *Id.* at 203 (citation omitted).

[32] Fed. R. Civ. P. 56(c).

[33] *Celotex Corp.*, 477 U.S. at 323 (citing Fed. R. Civ. P. 56(c)).

A fact is "material" only if its resolution will affect the outcome of the lawsuit.[34] Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards.[35] The court will view the summary judgment motion "in the light most favorable to the party opposing the motion."[36]

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of his case.[37] Accordingly, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."[38] Moreover, if the evidence presented is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment.[39]

In most civil cases involving summary judgment, the court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict."[40] However, if the non-moving party faces a heightened burden of

---

[34] *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

[35] *Id.* at 252.

[36] *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

[37] *McDonald v. Petree*, 409 F.3d 724, 727 (6th Cir. 2005) (citing *Celotex*, 477 U.S. at 322).

[38] *Leadbetter v. Gilley*, 385 F.3d 683, 689 (6th Cir. 2004) (quoting *Anderson*, 477 U.S. at 248-49).

[39] *Anderson*, 477 U.S. at 249-50 (citation omitted).

[40] *Id.* at 252.

proof, such as clear and convincing evidence, it must show that it can produce evidence which, if believed, will meet the higher standard.[41]

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmover.[42] The nonmoving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be solved by a jury."[43] The text of Fed. R. Civ. P. 56(e) states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

"In other words, the movant can challenge the opposing party to 'put up or shut up' on a critical issue."[44]

Though parties must produce evidence in support of and in opposition to a motion for summary judgment, not all types of evidence are permissible. The Sixth Circuit has concurred that "'it is well settled that only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment.'"[45] Rule 56(e) also has certain, more specific requirements:

---

[41] *March v. Levine*, 249 F.3d 462, 471 (6th Cir. 2001).

[42] *Anderson*, 477 U.S. at 256.

[43] *Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995).

[44] *BDT Prods. v. Lexmark Int'l*, 124 F. App'x 329, 331 (6th Cir. 2005).

[45] *Wiley v. United States*, 20 F.3d 222 (6th Cir. 1994) (quoting *Beyene v. Coleman Sec. Servs.*, 854 F.2d 1179, 1181 (9th Cir. 1988)).

> [it] requires that affidavits used for summary judgment purposes be made on the basis of personal knowledge, set forth admissible evidence, and show that the affiant is competent to testify. Rule 56(e) further requires the party to attach sworn or certified copies to all documents referred to in the affidavit. Furthermore, hearsay evidence cannot be considered on a motion for summary judgment.[46]

However, the district court may consider evidence not meeting this standard unless the opposing party affirmatively raises the issue of the defect. The burden is on the opposing party to object to the improper evidence; failure to object constitutes a waiver.

> If a party fails to object before the district court to the affidavits or evidentiary materials submitted by the other party in support of its position on summary judgment, any objections to the district court's consideration of such materials are deemed to have been waived, and [the Sixth Circuit] will review such objections only to avoid a gross miscarriage of justice.[47]

As a general matter, the judge considering a motion for summary judgment is to examine "[o]nly disputes over facts that might affect the outcome of the suit under governing law."[48] The court will not consider non-material facts, nor will it weigh material evidence to determine the truth of the matter.[49] The judge's sole function is to determine whether there is a genuine factual issue for trial; this does not exist unless "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."[50]

In sum, proper summary judgment analysis entails:

---

[46] *Id.* at 225-26 (citations omitted).

[47] *Id.* at 226 (citations omitted).

[48] *Anderson*, 477 U.S. at 248.

[49] *Id.* at 249.

[50] *Id.*

-10-

the threshold inquiry of determining whether there is the need for a trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.[51]

**C.  The Warden's present motion to dismiss should be converted to one for summary judgment.**

For the following reasons, I recommend converting the current motion to dismiss to one for summary judgment. First, it is apparent from both sides that material beyond the pleadings have been submitted in favor of their positions. Next, it is also apparent that the Warden's motion relies in large part on proof from the record that Davis did not timely act to exhaust administrative remedies and/or that his efforts did not address the same claims that are now raised in the complaint.

Significantly, in response to the Warden's motion and submission of items from the record in support of the motion, Davis himself has submitted specific portions of the record where he claims exhaustion of remedies has occurred. As such, Davis is in a similar position to the non-moving party in *Salehpour*, who, as the Sixth Circuit observed, not only had an *opportunity* to respond to the motion which was based on submitted evidence, but actually *did* respond to such a motion by submitting his own evidence for consideration by the court.[52] Accordingly, the *Salehpour* court approved of the district court converting the motion to dismiss to one for summary judgment since a party actually filing a response with its own

---

[51] *Id.* at 250.

[52] *Id.* at 204.

-11-

evidence "cannot be said to have been surprised by the district court's conversion" under those circumstances.[53]

Therefore, because Davis has actually responded to the Warden's motion to dismiss with a submission of his own evidence specifically to rebut the Warden's claims,[54] he, like the non-moving party in *Salehpour*, cannot be surprised by this Court's decision to convert the Warden's motion to dismiss to one for summary judgment so as to permit the Court to consider that evidence in arriving at its decision.[55]

**D.     The Warden should be granted summary judgment**

Analyzed as a motion for summary judgment, I recommend granting the Warden summary judgment. In so recommending, I find that the facts put forward by the Warden as detailed on pages 2 through 6 above are not disputed. Further, I find no other material facts in dispute. The evidence shows that Davis did not exhaust available administrative remedies before initiating this action, as is required. Further, even if the communications now asserted by Davis as petitioning for an administrative remedy had preceded the filing of this action,

---

[53] *Id*.

[54] Davis actually responded twice to the Warden's motion. ECF # 52 was followed by ECF # 54, which asked that the prior filing be voided because of a purported mistake in the heading, and further asking that the evidentiary material from ECF # 52 be attached to ECF # 54.

[55] I note that this situation is clearly distinct from that recently before the Sixth Circuit in *Bruce v. Cincinnati Med. Servs.*, 2010 WL 2842736 (6th Cir. 2010). There, in a similar case involving the claim that a prisoner's action was not timely filed and that administrative remedies were not exhausted, the Court found that conversion to summary judgment was not proper because Bruce, the non-moving party, had never responded to the motion, despite twice seeking extensions of time to do so. *Bruce*, 2010 WL 2842736, at **1-2.

those communications did not relate to the issue raised by this complaint and so cannot serve to exhaust administrative remedies as to the issues raised herein.  Finally, as the Warden demonstrates, even if the above were not the case, nothing Davis did in respect of communicating with prison staff constituted proper channels for seeking administrative redress for the matters complained of.

Accordingly, I recommend finding that there is no dispute as to the material facts and that the Warden is entitled to judgment as a matter of law.

**E.     All other motions should be denied as moot.**

If these recommendations are adopted, I finally recommend that all other outstanding motions[56] be denied as moot.

## Conclusion

For the foregoing reasons, I recommend that the outstanding motions in this matter be resolved as is more fully detailed above.

Dated:   October 18, 2010                                          s/ William H. Baughman, Jr.
                                                                   United States Magistrate Judge

---

[56] These motions are each more particularly identified earlier at footnote 5.

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.[57]

---

[57] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).